## Hannah Swift et als. *v.* Ann Swift et als.

Where a nuncupative *testament* by public act *does not mention that* the three witnesses who signed it, reside in the parish where the will is executed, parol testimony can not be given to supply the omission.

Plaintiffs brought suit to annul a will; defendants pleaded the prescription of five years.  *Held :* that the Judge correctly charged the jury that they were at liberty to infer the absence of plaintiffs from the State for the five years following the death of the testator, from testimony of their absence after the expiration of those five years.

C C. 1571, 1587.

A PPEAL from the District Court of the parish of Point Coupée, *Farrar,* J. *Ratliff,* for plaintiff.  *Cooley, Brewer & Collins,* for defendants and appellants.

16

SWIFT ET ALS.    BUCHANAN, J. This is an action to annul a nuncupative testament by public
v.
SWIFT ET ALS.   act. The will does not mention that the three witnesses, who signed it, reside
in the parish where the will is executed. C. C. 1571, 1587. And a bill of
exceptions was taken on trial to the refusal of the District Judge to permit the
residence of the witnesses to be proved by parol.

The Judge did not err. This point has been expressly ruled in the case of
*Leblanc* v. *Buras' heirs*, 16 L. R., 80.

There is another bill of exceptions to the charge of the Judge to the jury,
in relation to the plea of prescription. The counsel of defendants prayed the
court to charge the jury that if the testimony only proved the residence of the
plaintiffs out of the State after the lapse of five years from the death of the
testator, such testimony was not sufficient to enable plaintiffs to avail them-
selves of the delay of ten years, accorded to absentees for bringing the action
of nullity of a testament.

But the Judge refused this charge, and charged the jury in substance that
they were at liberty to infer the absence of plaintiffs from the State for five
years following the death of the testator, from testimony of their absence after
the expiration of those five years.

The court did not err. The Article 3507 of the Code bars the action in nul-
lity of a testament, in five years, where the party entitled to exercise it resides
in the State, and in ten years, if he be out of it.

The defendants pleaded the prescription of five years against this action.
That plea depends upon proof of the fact that the plaintiffs were in the State
during five years following the death of the testator. But when the plaintiffs
had proved the allegation of their petition that they were absentees at the time
of the institution of the suit together with other circumstances, we think with
the Judge below, that their having always been absentees was a fact for the
jury to decide, and that in this as in many other cases, its decision might law-
fully be based upon an inference from other facts which were directly proved.
It has been shown that at one time the plaintiffs were absent from the State,
and that they are natives of Ireland, and it has not been shown that they were
then in the State.

In view of the facts which appear to have been proved, we cannot say that
the inference of the jury in the present case was at all strained, as to the con-
tinuous absence of the plaintiffs from the State. The verdict of the jury seems
to us in accordance with the facts, and the law. C. C. 1588.

Upon one point, however, the judgment of the District Court appears to
require amendment. By consent of counsel on the trial, the cause was tried
on the sole ground of the validity of the will, reserving the remaining ques-
tions for subsequent action. The jury found a general verdict for plaintiffs;
and the court entered up judgment upon the verdict that the will of *John
Swift* be deemed null and void, *and that plaintiffs be decreed to be heirs at
law of the said John Swift, and of their deceased father and mother*, *Hugh
Swift and Ann Swift in the succession of the said John Swift, deceased, for the
portions falling to them respectively by law.* This clause of the judgment is
erroneous, being a matter not passed upon by the jury.

Judgment amended by striking out the clause recognizing plaintiffs as heirs
at law of *John Swift, Hugh Swift* and *Ann Swift*, and affirmed as amended ;
the costs in the court below to be paid by the appellants—those of appeal, by
the plaintiffs and appellees.